UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 4:20-cr-164 |
| v. | ) | |
| | ) | PLEA AGREEMENT |
| MICHAEL AARON ESTRADA, | ) | |
| | ) | |
| Defendant. | ) | |

The United States of America (also referred to as "the Government") and the

Defendant, MICHAEL AARON ESTRADA, and Defendant's attorney, enter into

this Plea Agreement.

**A.   CHARGES**

1.   <u>Subject Offense</u>.   Defendant will plead guilty to Count 4 of the

Superseding Indictment, that is, Production of Child Pornography, in violation of

Title 18, United States Code, Section 2251(a) and (e).   As detailed in paragraph 19

below, Defendant also agrees to forfeiture of the property noticed in the

Superseding Indictment.

2.   <u>Charges Being Dismissed</u>.   If the Court accepts this Plea Agreement,

Counts 1, 2 and 3 of the Superseding Indictment will be dismissed at the time of

sentencing.

3.   <u>No Further Prosecution</u>.   The Government agrees that Defendant will

not be charged in the Southern District of Iowa with any other federal criminal

offense arising from or directly relating to this investigation.   This paragraph and

1

this Plea Agreement do not apply to (1) any criminal act occurring after the date of this agreement, and (2) any crime of violence.

B.   **MAXIMUM PENALTIES**

4.   <u>Maximum and Mandatory Minimum Punishment</u>.   Defendant understands that Count 4, to which Defendant is pleading guilty, carries a mandatory minimum sentence of 15 years in prison and a maximum sentence of 30 years in prison; a maximum fine of $250,000; and a term of supervised release of no less than five years up to life.   A mandatory special assessment of $100 per count also must be imposed by the sentencing court.   The Defendant also understands that, if the Court determines the Defendant to be a non-indigent person, pursuant to Title 18, United States Code, Section 3014(a)(3), it shall impose an assessment of $5,000 per count.   In addition, pursuant to 18 U.S.C. § 2259A, the Court shall assess not more than $50,000.

5.   <u>Supervised Release--Explained</u>.   Defendant understands that, during any period of supervised release or probation, Defendant will be under supervision and will be required to comply with certain conditions.   If Defendant were to violate a condition of supervised release, Defendant could be sentenced to not more than three (3) years in prison, without any credit for time previously served.

6.   <u>Detention</u>.   Pursuant to the Mandatory Detention for Offenders Convicted of Serious Crimes Act (18 U.S.C. § 3143), Defendant agrees to remain in custody following the completion of the entry of Defendant's guilty plea to await the

2

imposition of sentence.

## C.    NATURE OF THE OFFENSE – FACTUAL BASIS

7.    <u>Elements Understood</u>.   Defendant understands that to prove the

offense alleged under **Count 4 (Production of Child Pornography),** the

Government would be required to prove beyond a reasonable doubt the following

elements:

(1)    At the time alleged in the Superseding Indictment, Child Victim #1 was under the age of eighteen years;

(2)    The defendant knowingly employed, used, persuaded, induced, or enticed Child Victim #1 to engage in sexually explicit conduct;

(3)    The defendant acted with the purpose of producing a visual depiction of such conduct; and

(4)    The visual depiction was actually transmitted using a means and facility of interstate commerce.

8.    <u>Elements Admitted</u>.   As a factual basis for his plea of guilty,

Defendant admits the following:

(1)    Snapchat is a messaging application that allows users to exchange pictures, videos, and text communication (commonly called "snaps") with other users.   Snapchat operates via the internet and cellular telephone systems, both of which are means and facilities of interstate commerce.

(2)    In approximately 2019, Defendant began using his Snapchat account to communicate with Child Victim #1 and to exchange videos and pictures.   Child Victim #1 lived in Massachusetts in 2019 and 2020.   During 2019 through at least August 13, 2020, Defendant lived in Des Moines, in the Southern District of Iowa.

(3)    Child Victim #1 was 15 years of age throughout the period of August 26, 2019 to June 24, 2020.   Defendant knew Child

3

Victim #1's age by at least August 26, 2019.

(4)     Defendant used his Google smart phone, model Pixel 3a, IMEI
        359677097046124 (hereafter "Defendant's phone") to "snap"
        with Child Victim #1.

(3)     On precise dates unknown, but on multiple dates on or between
        August 26, 2019, and June 24, 2020, Defendant knowingly
        employed and used Child Victim #1 to engage in sexually
        explicit conduct with the purpose of producing a visual depiction
        of such conduct.   Specifically, during that period, via Snapchat,
        Defendant knowingly solicited from Child Victim #1 pictures
        and videos of Child Victim #1 with Child Victim #1's genitals
        lasciviously exhibited or Child Victim #1 engaged in sex acts.
        In response to Defendant's requests, Child Victim #1 created
        "selfie" photos and videos of herself with her genitals
        lasciviously exhibited and herself engaged in sex acts.   Child
        Victim #1 then sent multiple of these photos and videos to
        Defendant via Snapchat on multiple dates.

(4)     As relevant conduct to the offense, Defendant admits the
        following:

        (a) From a date unknown but by at least January 31, 2019 to on
            or about June 24, 2020, Defendant knowingly received visual
            depictions of child pornography via the internet.   Defendant
            knew the visual depictions he received were of minors
            engaging in sexually explicit conduct.   These depictions
            included images of Child Victim #1 via Snapchat—as
            described in paragraph 8(3) above.   However, these
            depictions also included images and videos of other minors
            engaging in sexually explicit conduct that Defendant
            downloaded via the internet, said images and videos being
            downloaded to and stored on Defendant's Asus, Model
            Essentio AS CM1630 tower computer (S/N: ACPDCG000657)
            with Western Digital Caviar Blue WD2500AAJS 250GB hard
            drive (S/N: WMAV2L706342) within.

        (b) On or about March 8, 2020, Defendant knowingly distributed
            child pornography via the internet on the LiveMe platform.
            LiveMe is an application where users can interact with
            others by chatting, texting, and posting videos, images, or

4

other items.    Specifically, Defendant posted on LiveMe a
"link"—said link directing to multiple videos depicting nude
prepubescent minors being sexually abused by adults,
including videos of minors lasciviously exhibiting their
genitals and engaging in sex acts with adults.    Defendant
sent this "link" knowing that it directed to depictions of child
pornography.

9.    <u>Truthfulness of Factual Basis</u>.    Defendant acknowledges that the

above statements are true.    Defendant understands that, during the change of plea

hearing, the judge and the prosecutor may ask Defendant questions under oath

about the offense to which Defendant is pleading guilty, in the presence of

Defendant's attorney.    Defendant understands that Defendant must answer these

questions truthfully, and that Defendant can be prosecuted for perjury if Defendant

gives any false answers.

10.    <u>Waiver of Rule 410 Rights</u>.    The Defendant expressly waives

Defendant's rights under Rule 410 of the Federal Rules of Evidence and agrees that

all factual statements made in this plea agreement, including under the Elements

Admitted, are admissible against the Defendant. Should Defendant fail to plead

guilty pursuant to this plea agreement or move to withdraw his plea or to set aside

Defendant's conviction, then these admissions may be used against Defendant in

the Government's case-in-chief and otherwise, including during the continuing

prosecution of this case.

11.    <u>Venue</u>.    Defendant agrees that venue for this case is proper for the

United States District Court for the Southern District of Iowa.

## D.    SENTENCING

12.    <u>Sentencing Guidelines</u>.   Defendant understands that Defendant's sentence will be determined by the Court after considering the advisory United States Sentencing Guidelines, together with other factors set forth by law.   The Sentencing Guidelines establish a sentencing range based upon factors determined to be present in the case, which include, but are not limited to the following:

(a)    The nature of the offenses to which Defendant is pleading guilty;

(b)    The nature of the images involved, including the age of the children depicted, the nature of the sexually explicit conduct, and the number of such images;

(c)    The age of the minor(s) involved in the offenses under USSG §2G2.1(b)(1);

(d)    Whether the offense involved the commission of a sexual act or sexual contact under USSG §2G2.1(b)(2)(A);

(e)    Whether the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence or an infant or toddler under USSG §2G2.1(b)(4);

(f)    Whether, for the purposes of producing sexually explicit material, the offense involved the use of a computer or an interactive computer service to solicit participation with a minor in sexually explicit conduct, under USSG §2G2.1(b)(6);

(g)    Whether defendant engaged in a pattern of activity involving prohibited sexual conduct under USSG §4B1.5(b);

(h)    The nature and extent of Defendant's criminal history (prior convictions); and

(i)    Acceptance or lack of acceptance of responsibility.

Defendant understands that, under some circumstances, the Court may "depart" or

"vary" from the Sentencing Guidelines and impose a sentence more severe or less severe than provided by the guidelines, up to the maximum in the statute of conviction.   Defendant has discussed the Sentencing Guidelines with Defendant's attorney.

13.    <u>Acceptance of Responsibility</u>.    The Government agrees to recommend that Defendant receive credit for acceptance of responsibility under USSG §3E1.1. The Government reserves the right to oppose a reduction under §3E1.1 if after the plea proceeding Defendant obstructs justice, fails to cooperate fully and truthfully with the United States Probation Office, attempts to withdraw Defendant's plea, or otherwise engages in conduct not consistent with acceptance of responsibility.   If the base offense level is 16 or above, as determined by the Court, the Government agrees that Defendant should receive a 3-level reduction, based on timely notification to the Government of Defendant's intent to plead guilty.

14.    <u>Presentence Report</u>.   Defendant understands that the Court may defer a decision as to whether to accept this Plea Agreement until after a Presentence Report has been prepared by the United States Probation Office, and after Defendant's attorney and the Government have had an opportunity to review and challenge the Presentence Report.   The parties are free to provide all relevant information to the Probation Office for use in preparing a Presentence Report.

15.    <u>Disclosure of Presentence Investigation Reports</u>. The United States District Court for the Southern District of Iowa has issued the following

Administrative Order:

> The presentence investigation report is a sealed and confidential document. Unless specifically authorized by the district court, a defendant may not disseminate, disclose, or distribute a presentence investigation report, or any part or page of a presentence investigation report, in either draft or final form. A defendant who violates this order, may be subject to prosecution for contempt of court under 18 U.S.C. § 401(3). This order does not apply to a defendant's review of a presentence investigation report with the defendant's own attorney.

Defendant acknowledges and understands this order.

16.    <u>Evidence at Sentencing</u>.    The parties may make whatever comment and evidentiary offer they deem appropriate at the time of sentencing and entry of plea, provided that such offer or comment does not violate any other provision of this Plea Agreement.    Nothing in this Plea Agreement restricts the right of Defendant or any victim to make an allocution statement, to the extent permitted under the Federal Rules of Criminal Procedure, nor does this Plea Agreement convey any rights to appear at proceedings or make statements that do not otherwise exist.

17.    <u>Sentence to be Decided by Judge -- No Promises</u>.    This Plea Agreement is entered pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure.    Defendant understands that the final sentence, including the application of the Sentencing Guidelines and any upward or downward departures, is within the sole discretion of the sentencing judge, and that the sentencing judge is not required to accept any factual or legal stipulations agreed to by the parties. Any estimate of the possible sentence to be imposed, by a defense attorney or the

Government, is only a prediction, and not a promise, and is not binding.   Therefore, it is uncertain at this time what Defendant's actual sentence will be.

18.   <u>No Right to Withdraw Plea</u>.   Defendant understands that Defendant will have no right to withdraw Defendant's plea if the sentence imposed, or the application of the Sentencing Guidelines, is other than what Defendant anticipated, or if the sentencing judge declines to follow the parties' recommendations.

## E.   FORFEITURE, FINES, COSTS, AND RESTITUTION

19.   <u>Forfeiture</u>.   Defendant agrees to forfeiture of the property noticed in the Superseding Indictment, specifically: (1) an Asus, Model Essentio AS CM1630 tower computer (S/N: ACPDCG000657) with Western Digital Caviar Blue WD2500AAJS 250GB hard drive (S/N: WMAV2L706342) within; and (2) a Google smart phone, model Pixel 3a, IMEI: 359677097046124.   Defendant will execute any documents as directed by the Government to complete the forfeiture.

20.   <u>Waivers Regarding Forfeiture</u>.   Defendant waives all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds.   Defendant further agrees that the forfeiture provisions of this Plea Agreement are intended to, and will, survive Defendant notwithstanding the abatement of any underlying criminal conviction after execution of this Plea Agreement.   The forfeitability of any particular property pursuant to this agreement shall be determined as if Defendant had survived and

that determination shall be binding upon Defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

21.   Consent to Judgment of Forfeiture.   Defendant agrees to waive all interest in assets subject to this Plea Agreement in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal.   Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.   Defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case.

22.   Fines and Costs.   Issues relating to fines and/or costs of incarceration are not dealt with in this agreement, and the parties are free to espouse their respective positions at sentencing.

23.   Special Assessment.   Defendant agrees to pay the mandatory special assessment of $100 ($100 per count) at or before the time of sentencing, as required by 18 U.S.C. § 3013.   Defendant further understands that, if the Court determines Defendant to be a non-indigent person, pursuant to Title 18, United States Code, Section 3014(a)(3), it shall impose an assessment of $5,000 per count.

24.   Restitution.   Defendant agrees that the Court should impose an order

10

of restitution for all relevant conduct in an amount to be determined by the Court; that such order of restitution shall be due and payable immediately; and that if Defendant is not able to make full payment immediately, Defendant shall cooperate with the United States Probation Office in establishing an appropriate payment plan, which shall be subject to the approval of the Court, and thereafter in making the required payments.   Any such payment plan does not preclude the Government from utilizing any collections procedures pursuant to the Federal Debt Collections Act and including the Treasury offset program.

## F.     LIMITED SCOPE OF AGREEMENT

25.     <u>Limited Scope of Agreement</u>.   This Plea Agreement does not limit, in any way, the right or ability of the Government to investigate or prosecute Defendant for crimes occurring outside the scope of this Plea Agreement. Additionally, this Plea Agreement does not preclude the Government from pursuing any civil or administrative matters against Defendant, including, but not limited to, civil tax matters and civil forfeiture which arise from, or are related to, the facts upon which this investigation is based.

26.     <u>Agreement Limited to Southern District of Iowa</u>.   This Plea Agreement is limited to the United States Attorney's Office for the Southern District of Iowa, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

27.     <u>Sex Offender Registry</u>.   Defendant understands that by pleading

11

guilty, Defendant will be required to register as a sex offender upon Defendants

release from prison as a condition of supervised release pursuant to 18 U.S.C. §

3583(d).   Defendant also understands that independent of supervised release,

Defendant will be subject to federal and state sex offender registration

requirements, and that those requirements may apply throughout Defendant's life.

Defendant understands that Defendant shall keep his registration current, shall

notify the state sex offender registration agency or agencies of any changes to

Defendant's name, place of residence, employment, or student status, or relevant

information.   Defendant shall comply with requirements to periodically verify in

person his sex offender registration information.   Defendant understands that

Defendant will be subject to possible federal and state penalties for failure to

comply with any such sex offender registration requirements.   Defendant further

understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law

enforcement agencies upon Defendant's release from confinement following

conviction.   As a condition of supervised release, Defendant shall initially register

with the state sex offender registration in the state of his release, and shall also

register with the state sex offender registration agency in any state where

Defendant resides, is employed, works, or is a student, as directed by the Probation

Officer.   Defendant shall comply with all requirements of federal and state sex

offender registration laws, including the requirement to update Defendant's

registration information.   Defendant shall provide proof of registration to the

12

Probation Officer within 72 hours of release from imprisonment.

      28.   <u>Victims not a party to this Agreement</u>.  Defendant understands that Child Victim #1 (nor Child Victim #1's parents/guardians/representatives) are a party to this Plea Agreement, and that any "restitution" amounts applicable to this criminal case do not resolve any claims that such individuals may have against Defendant.  Defendant understands that such individuals remain free to pursue all lawful civil remedies they may deem appropriate.

## G.    WAIVER OF TRIAL, APPEAL AND POST-CONVICTION RIGHTS

      29.   <u>Trial Rights Explained</u>.  Defendant understands that this guilty plea waives the right to:

      (a)    Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

      (b)    A speedy and public trial by jury, which must unanimously find Defendant guilty before there can be a conviction;

      (c)    The assistance of an attorney at all stages of trial and related proceedings, to be paid at Government expense if Defendant cannot afford to hire an attorney;

      (d)    Confront and cross-examine adverse witnesses;

      (e)    Present evidence and to have witnesses testify on behalf of Defendant, including having the court issue subpoenas to compel witnesses to testify on Defendant's behalf;

      (f)    Not testify or have any adverse inferences drawn from the failure to testify (although Defendant also has the right to testify, if Defendant so chooses); and

      (g)    If Defendant is convicted, the right to appeal, with the assistance of an attorney, to be paid at Government expense if

13

Defendant cannot afford to hire an attorney.

30.   <u>Waiver of Appeal and Post-Conviction Review</u>.   Defendant knowingly and expressly waives any and all rights to appeal Defendant's conviction in this case, including a waiver of all motions, defenses and objections which Defendant could assert to the charge(s), or to the Court's entry of judgment against Defendant; except that both Defendant and the United States preserve the right to appeal any sentence imposed by the Court, to the extent that an appeal is authorized by law. Also, Defendant knowingly and expressly waives any and all rights to contest Defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255.   These waivers are full and complete, except that they do not extend to the right to appeal or seek post-conviction relief based on grounds of ineffective assistance of counsel or prosecutorial misconduct.

## H.   VOLUNTARINESS OF PLEA AND OPPORTUNITY TO CONSULT WITH COUNSEL

31.   <u>Voluntariness of Plea</u>.   Defendant represents that Defendant's decision to plead guilty is Defendant's own, voluntary decision, and that the following is true:

(a)   Defendant has had a full opportunity to discuss all the facts and circumstances of this case with Defendant's attorney, and Defendant has a clear understanding of the charges and the consequences of this plea, including the maximum penalties provided by law.

(b)   No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this written agreement.

14

     (c)     No one has threatened Defendant or Defendant's family to induce this guilty plea.

     (d)     Defendant is pleading guilty because in truth and in fact Defendant is guilty and for no other reason.

32.    <u>Consultation with Attorney</u>.  Defendant has discussed this case and this plea with Defendant's attorney and states that the following is true:

     (a)     Defendant states that Defendant is satisfied with the representation provided by Defendant's attorney.

     (b)     Defendant has no complaint about the time or attention Defendant's attorney has devoted to this case nor the advice the attorney has given.

     (c)     Although Defendant's attorney has given Defendant advice on this guilty plea, the decision to plead guilty is Defendant's own decision.  Defendant's decision to enter this plea was made after full and careful thought, with the advice of Defendant's attorney, and with a full understanding of Defendant's rights, the facts and circumstances of the case, and the consequences of the plea.

## I.    GENERAL PROVISIONS

33.    <u>Entire Agreement</u>.  This Plea Agreement, and any attachments, is the entire agreement between the parties.  Any modifications to this Plea Agreement must be <u>in writing</u> and signed by all parties.

34.    <u>Public Interest</u>.  The parties state this Plea Agreement is in the public interest and it takes into account the benefit to the public of a prompt and certain disposition of the case and furnishes adequate protection to the public interest and is in keeping with the gravity of the offense and promotes respect for the law.

35.    <u>Execution/Effective Date</u>.    This Plea Agreement does not become valid and binding until executed by each of the individuals (or their designated representatives) shown below.

36.    <u>Consent to Proceed by Video Conferencing.</u>  Defendant consents to any proceedings in this case, to include plea and sentencing proceedings, being conducted by video or telephone technology, if the Court finds further delay would seriously harm the interests of justice. Defendant has had the opportunity to consult with Defendant's attorney about the use of video or telephone technology in this case.

## J.    SIGNATURES

37.    <u>Defendant</u>.    I have read all of this Plea Agreement and have discussed it with my attorney.    I fully understand the Plea Agreement and accept and agree to it without reservation.    I do this voluntarily and of my own free will.    No promises have been made to me other than the promises in this Plea Agreement.    I have not been threatened in any way to get me to enter into this Plea Agreement.    I am satisfied with the services of my attorney with regard to this Plea Agreement and other matters associated with this case.    I am entering into this Plea Agreement and will enter my plea of guilty under this Agreement because I committed the crime to which I am pleading guilty.    I know that I may ask my attorney and the judge any questions about this Plea Agreement, and about the

16

rights that I am giving up, before entering into the plea of guilty.

_____
Date

2/9/21

_____
Michael Aaron Estrada

38.   <u>Defendant's Attorney</u>.   I have read this Plea Agreement and have
discussed it in its entirety with my client.   There is no Plea Agreement other than
the agreement set forth in this writing.   My client fully understands this Plea
Agreement.   I am satisfied my client is capable of entering into this Plea
Agreement, and does so voluntarily of Defendant's own free will, with full
knowledge of Defendant's legal rights, and without any coercion or compulsion.   I
have had full access to the Government's discovery materials, and I believe there is
a factual basis for the plea.   I concur with my client entering into this Plea
Agreement and in entering a plea of guilty pursuant to the Plea Agreement.

_____
Date

2/9/21

_____
Joseph Herrold
Assistant Federal Public Defender
Attorney for Michael Aaron Estrada
Federal Public Defender's Office
400 Locust Street
Suite 340, Capital Square
Des Moines, IA   50309
Tel: (515) 309-9610
Fax: (515) 309-9625
Joe_Herrold@fd.org

39.    <u>United States</u>.    The Government agrees to the terms of this Plea

Agreement.

Richard D. Westphal
Acting United States Attorney

2/9/2021
Date                          By:    Adam J. Kerndt

Adam J. Kerndt
Assistant United States Attorney
U.S. Courthouse Annex, Suite 286
110 East Court Avenue
Des Moines, Iowa 50309
Tele:   515-473-9300
Fax:    515-473-9292
E-mail: Adam.Kerndt@usdoj.gov