UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Case No. 4:20-cr-00164 |
| | ) | |
| MICHAEL AARON ESTRADA, | ) | GOVERNMENT'S |
| | ) | SENTENCING MEMORANDUM |
| Defendant. | ) | |

## INTRODUCTION

Estrada downloaded child pornography. He distributed child pornography to others. He produced child pornography over Snapchat. The Court should sentence him to 288 months (24 years) in prison with a substantial term of supervised release to follow.

## SENTENCING CALCULATION & OBJECTIONS

There are no material factual disputes relating to the PSR. The parties both agree with the ultimate guidelines calculation set out in the PSR: total offense level 43 with a criminal history category I. The guidelines recommend life in prison. But because Estrada pled to one count of production of child pornography (15 to 30 years), the guideline becomes the statutorily authorized maximum term of prison—that is, 30 years (360 months).

To date, no victim impact statements or restitution requests have been received from any victims. The government does not currently anticipate that any victims will participate at the sentencing.

## THE § 3553(a) FACTORS SUPPORT A SENTENCE OF 288 MONTHS

The sentencing statutes inform this court that it must impose a sentence sufficient, but not greater than necessary, to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. §  3553(a)(2). The court, in determining the particular sentence to be imposed, shall also consider the nature and circumstances of the offense and the history and characteristics of the defendant. 18 U.S.C. § 3553(a)(1). The sentence must "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).   The government will ask the district court to sentence the Defendant based upon an advisory range of 360 months.  The government recommends 288 months.

The offenses committed by Estrada are very serious.  Estrada distributed a Mega link to a chat group of child pornographers.  That link contained 19 video files of child pornography, including videos of prepubescent children.  (PSR ¶¶ 13-15.) Estrada received and collected additional child pornography from the internet.  (See PSR ¶¶ 16-19.)  He used internet software Tor, among other tools, to expand his collection.  (PSR ¶ 16.)  Estrada had over 30 videos and 31 picture files of child pornography. (PSR ¶¶ 17-19.)  The files included acts of sexual violence perpetrated

on prepubescent minors and a toddler. (See, e.g. PSR ¶ 18(ii) (a nearly 3-hour long video with over 50 prepubescent minors being subjected to sexual violence.)) But Estrada's conduct was not limited to collecting this material in the shadows of the internet and interacting with others interested in child sexual abuse imagery. Estrada proactively engaged with a 15-year-old female via Snapchat. (PSR ¶¶ 21-26.) He solicited and received sexually explicit depictions of that minor on at least seven different dates over the course of nearly one year. (Id.) Estrada knew she was 15. (Id.) Yet on multiple dates from August 2019 to June 2020, Estrada knowingly employed the minor to engage in sexually explicit conduct with the purpose of her producing a depiction of the conduct. The minor complied and sent the depictions of herself to Estrada via Snapchat. (Id.; DCD 38 at ¶ 8.)

    A substantial sentence is necessary to reflect the seriousness of the offense, provide just punishment, afford adequate deterrence, avoid unwarranted sentencing disparities, and protect the public from his further crimes.

    The government respectfully recommends a sentence of 288 months. Estrada has no arrests during his lifetime, let alone prior criminal convictions. He is 35 years old. There is no evidence of "hands on" child exploitation by Estrada. The seriousness of his conduct and the other sentencing factors are sufficiently reflected in a 24-year sentence. In the totality of the circumstances presented, a sentence of 288 months is sufficient but not greater than necessary to achieve the goals of sentencing.

## CONCLUSION

This Court should sentence the Defendant to 288 months with supervised release to follow.

                                        Respectfully submitted,

                                        Richard D. Westphal
                                        Acting United States Attorney

By:  /s/  Adam J. Kerndt
       Adam J. Kerndt
       Assistant United States Attorney
       U.S. Courthouse Annex
       110 East Court Avenue, Suite 286
       Des Moines, IA 50309
       Tel: (515) 473-9300
       Fax: (515) 473-9292
       Email:  Adam.Kerndt@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2021, I electronically filed the foregoing with the Clerk of Court using the CM ECF system. I hereby certify that a copy of this document was served on the parties or attorneys of record by:

\_\_\_\_U.S. Mail   _____ Fax  \_\_\_\_\_Hand Delivery

\_X\_\_ECF/Electronic filing    \_\_\_Other means

UNITED STATES ATTORNEY

By: /s/ Adam J. Kerndt
     Assistant U.S. Attorney